KING *v.* LEONHARDT.

This case is controlled by *In re Petition of Auditor General, ante,* 53.

Appeal from Macomb; Reid (Neil E.), J. Submitted October 9, 1935. (Docket No. 30, Calendar No. 37,872.) Decided April 6, 1936.

Petition by Ray E. King against Theresa Ida Leonhardt and John K. Stack, Jr., Auditor General, for writ of assistance and for other relief. Patrick H. O'Brien, Attorney General, intervened to collect statutory penalty from plaintiff. Decree for plaintiff. Defendant Leonhardt appeals. Affirmed.

*Ray E. King, in pro. per.*

*Dayton W. Closser,* for defendant Leonhardt.

*David H. Crowley,* Attorney General, and *Edmund E. Shepherd,* Assistant Attorney General, for defendant Auditor General.

POTTER, J. Plaintiff claims to have bought at tax sale for the 1927 taxes, May 6, 1930, the premises in question; and to have bought at tax sale for the 1928 taxes, May 5, 1931, the premises in question. Tax notices were served and filed September 14, 1932. The premises were not redeemed. Tax deeds were duly issued dated August 14, 1931, and July 5, 1932, to plaintiff and he filed an application for a writ of assistance to be placed in possession of the premises.

The question litigated was the legality of the tax sale. Plaintiff testified that though the bid for the premises for the 1927 taxes was made May 6, 1930, in the sum of $415.79, the amount of this bid was not paid until July 19, 1930, when he delivered to the county treasurer a cashier's check for $16,245.29 covering the bid in question and other bids for lands purchased at tax sale. A bid of May 5, 1931, for 1928 taxes in the sum of $565.58 was paid by a check dated May 12, 1931.

The sole question involved is whether these tax deeds are valid, the tax purchaser not having paid the amount of his several bids to the county treasurer within 24 hours after the same were made.

The delay involved herein in making payments on the tax bids was not due to any neglect or default upon the part of the bidder. He was ready, able and willing to make the payments. There was no prearrangement between the county treasurer and the purchaser at tax sale, no evidence of any collusion or fraud between the county treasurer and the tax sale purchaser, and no agreement to extend credit to the person making the tax bid. The reason why the amount of the bid was not paid more promptly was to enable the county treasurer and his employees to check the records in the county treasurer's office and see to it that the certificates delivered to the purchaser at tax sale were valid and that the property had not been redeemed prior to sale. This case is ruled by *In re Petition of Auditor General, ante,* 53 (104 A. L. R. 813).

Decree affirmed, with costs.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.

The late Justice NELSON SHARPE took no part in this decision.